David J. Kaminski (SBN: 128509)
KaminskiD@cmtlaw.com
Keith A. Yeomans (SBN: 245600)
YeomansK@cmtlaw.com
**CARLSON & MESSER LLP**
5959 West Century Blvd., Suite 1214
Los Angeles, California 90045
t: (310) 242-2200
f: (310) 242-2222

Attorneys for Defendant
Collecto, Inc. dba EOS CCA

FILED
FEB 1 4 2013
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

BRUCE FRIEDMAN,

   Plaintiff,

vs.

COLLECTO, INC. DBA EOS CCA and DOES 1 to 20, INCLUSIVE,

   Defendant.

Case No. C 13 0676

NOTICE OF REMOVAL

**TO THE COURT, THE PARTIES, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant Collecto, Inc. dba EOS CCA hereby files this Notice of Removal under 28 U.S.C. §1446(a).

**A.   Introduction**

1.   This case was initially filed on December 13, 2012 in the Superior Court of California, County of Alameda, no. HG 12660407.

2.   On January 17, 2013, Defendant was personally served with Plaintiff's Summons and Complaint.

3.   As Defendant received Plaintiff's Complaint on January 15, 2013, Defendant files this notice of removal within the 30-day time period required by 28

1                                                           NOTICE OF REMOVAL

07384.00/191662

U.S.C. §1446(b)), and as extended via Federal Rule of Civil Procedure 6. See *Wells v. Gateways Hosp. & Mental Health Ctr.*, 1996 U.S. App. LEXIS 2287 at *2 (9th Cir. Cal. Jan. 30, 1996).

**B.    Basis for Removal**

4.    Removal is proper because Plaintiff's Complaint involves a federal question. 28 U.S.C. §§1331, 1441(b); *Long v. Bando Mfg. of Am., Inc.*, 201 F.3d 754, 757-60 (6th Cir. 2000). Specifically, Plaintiff has alleged claims that arise under 15 U.S.C. § 1692, et seq., for alleged violation of the Fair Debt Collection Practices Act.

5.    Plaintiff's state law claims for alleged violations of the Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act"), Cal. Civ. Code § 1788 et seq., arise from a common nucleus of operative facts and form the same case and controversy. The Court may assume Supplemental Jurisdiction over such claims pursuant to 28 U.S.C. § 1367(a).

6.    All pleadings, process, orders, and other filings in the state court action are attached to this notice as Exhibit "A".

7.    Venue is proper in this district under 28 U.S.C. §1441(a) because this district and division embrace the place where the removed action has been pending.

8.    Defendant will promptly file a copy of this notice of removal with the clerk of the state court where the action has been pending.

**C.    Jury Demand**

9.    Plaintiff demanded a trial by jury in the state court action. Defendant demands a trial by jury.

**D.    Conclusion**

10.    Defendant respectfully request removal of this action as it involves a Federal question under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692.

\\\
\\\
\\\

07384.00/191662

Dated: February 13, 2013　　　**Carlson & Messer LLP**

By: _____

Keith A. Yeomans

Attorneys for Defendant
Collecto, Inc. dba EOS CCA

07384.00/191662

# EXHIBIT A

1/15/13
1:25PM
AP

| | | SUM-100 |
|---|---|---|
| **SUMMONS**<br>*(CITACION JUDICIAL)*<br>NOTICE TO DEFENDANT:<br>*(AVISO AL DEMANDADO):*<br>COLLECTO INC. dba EOS CCA; and DOES 1 to 20, INCLUSIVE<br><br>YOU ARE BEING SUED BY PLAINTIFF:<br>*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*<br>BRUCE FRIEDMAN | | *FOR COURT USE ONLY*<br>*(SOLO PARA USO DE LA CORTE)*<br>**ENDORSED**<br>**FILED**<br>**ALAMEDA COUNTY**<br>DEC 18 2012<br>CLERK OF THE SUPERIOR COURT<br>By ~~CORINNA CARDEN~~ Deputy |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is: Superior Court of Alameda
*(El nombre y dirección de la corte es):*

CASE NUMBER: *(Número del Caso):* HG12660407

24405 Amador Street
Hayward, California 94544

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Todd Friedman (SBN 216752), 369 S. Doheny Dr, Ste 415, Beverly Hills, CA 90211, 877-206-4741

DATE: DEC 1 3 2012    PAT S. SWEETEN Clerk, by ~~CORINNA CARDEN~~ , Deputy
*(Fecha)*         *(Secretario)*              *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☒ on behalf of *(specify)*: Collecto, Inc
   under: ☒ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
         ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
         ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
         ☐ other *(specify)*:
4. ☒ by personal delivery on *(date)*: 01-15-13

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

SUMMONS

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Todd M. Friedman (216752)
Nicholas J. Bontrager (252114)
Suren N. Weerasuriya (278512)
Law Offices of Todd M. Friedman, P.C.
369 S. Doheny Dr. #415
Beverly Hills, CA 90211
Phone: 877-206-4741
Fax: 866-633-0228
tfriedman@attorneysforconsumers.com
nbontrager@attorneysforconsumers.com
sweerasuriya@attorneysforconsumers.com
Attorney for Plaintiff

ENDORSED
FILED
ALAMEDA COUNTY

DEC 18 2012

CLERK OF THE SUPERIOR COURT
By CORINNA CARDEN

SUPERIOR COURT OF THE STATE OF CALIFORNIA
FOR THE COUNTY OF ALAMEDA
LIMITED JURISDICTION

Case No. HG12660407

BRUCE FRIEDMAN,

Plaintiff,

vs.

COLLECTO INC. DBA EOS CCA and
DOES 1 to 20, INCLUSIVE,

Defendant.

COMPLAINT FOR VIOLATION
OF ROSENTHAL FAIR DEBT
COLLECTION PRACTICES ACT AND
FEDERAL FAIR DEBT COLLECTION
PRACTICES ACT

(Amount not to exceed $10,000)

1. Violation of Rosenthal Fair Debt Collection Practices Act
2. Violation of Fair Debt Collection Practices Act

I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Rosenthal Fair Debt Collection Practices Act, Cal Civ Code §1788, *et seq.* (hereinafter "RFDCPA") and the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* (hereinafter "FDCPA"), both of which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

Complaint - 1

## II. PARTIES

2. Plaintiff, Bruce Friedman ("Plaintiff"), is a natural person residing in Alameda County in the state of California, and is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3) and is a "debtor" as defined by Cal Civ Code §1788.2(h).

3. At all relevant times herein, Defendant, Collecto Inc. dba EOS CCA, ("Defendant") was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by 15 U.S.C. §1692a(5), and a "consumer debt," as defined by Cal Civ Code §1788.2(f). Defendant regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6), and RFDCPA, Cal Civ Code §1788.2(c).

4. Plaintiff does not know the true names and capacities, whether corporate, partnership, associate, individual or otherwise, of Defendants sued herein as Does 1 through 20, inclusive, and therefore names said Defendants under provisions of Section 474 of the California Code of Civil Procedure

5. Plaintiff is informed and believes, and on that basis alleges that Defendants Does 1 through 20 are in some manner responsible for acts, occurrences and transactions set forth herein and are legally liable to Plaintiff.

6. At all times mentioned, each of the defendants, whether actually named or fictitiously named, was the agent of the other defendants, whether actually named or fictitiously named, and each other and was at all times acting within the purpose and scope of such agency. Plaintiff is informed and believes, and on that basis alleges, that at all times mentioned herein each defendant, whether actually or fictitiously named was the

principal, agent or employee of each other defendant, and in acting as such principal, or within the course and scope of such employment or agency, took some part in the acts and omissions hereinafter set forth by reason of which each defendant is liable to plaintiff for the relief prayed for herein. At all times relevant herein, defendants ratified the unlawful conduct of the other defendants, who were acting within the scope of their agency or employment, by accepting the benefits of the transaction(s) with knowledge of the wrongdoing, or otherwise by failure to repudiate the misconduct.

## III. FACTUAL ALLEGATIONS

7. At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant contacted Plaintiff in an attempt to collect an alleged outstanding debt.

8. On or about September of 2012, Defendant began contacting Plaintiff at (925) 265-8535 in connection with an attempt to collect an alleged outstanding debt.

9. On numerous occasions, Plaintiff has informed Defendant that he is not responsible for the alleged debt. Defendant told Plaintiff that he would have to pay the debt or they would keep calling.

10. On average, Defendant contacted Plaintiff approximately two times per day.

11. On average, Defendant contacted Plaintiff approximately ten times per week.

12. Defendant contacted Plaintiff at times and placed that were known to be inconvenient and with such frequency at to constitute harassment under the circumstances, including but not limited to, multiple calls per week.

13. Defendant's conduct violated the FDCPA and the RFDCPA in multiple ways, including but not limited to:

    a. Causing a telephone to ring repeatedly or continuously to annoy Plaintiff (Cal Civ Code § 1788.11(d));

    b. Communicating, by telephone or in person, with Plaintiff with such frequency as to be unreasonable and to constitute an harassment to Plaintiff under the circumstances (Cal Civ Code § 1788.11(e));

    c. Causing Plaintiffs telephone to ring repeatedly or continuously with intent to harass, annoy or abuse Plaintiff (§ 1692d(5));

    d. Communicating with Plaintiff at times or places which were known or should have been known to be inconvenient for Plaintiff (§ 1692c(a)(1)).

    e. Engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff (§ 1692d))

    f. Falsely representing or implying that nonpayment of Plaintiff's debt would result in the seizure, garnishment, attachment, or sale of Plaintiff's property or wages, where such action is not lawful or Defendant did not intend to take such action (§ 1692e(4));

    g. Threatening to take an action against Plaintiff that cannot be legally taken or that was not actually intended to be taken(§ 1692e(5))

    h. Engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff (§ 1692d)).

14. As a result of the above violations of the FDCPA and RFDCPA, Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## COUNT I: VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

15. Plaintiff reincorporates by reference all of the preceding paragraphs.

Complaint - 4

16. To the extent that Defendant's actions, counted above, violated the RFDCPA, those actions were done knowingly and willfully.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant for the following:

- A. Actual damages;
- B. Statutory damages for willful and negligent violations;
- C. Costs and reasonable attorney's fees; and
- D. For such other and further relief as may be just and proper.

### COUNT II: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

17. Plaintiff reincorporates by reference all of the preceding paragraphs.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant for the following:

- A. Actual damages;
- B. Statutory damages;
- C. Costs and reasonable attorney's fees; and,
- D. For such other and further relief as may be just and proper.

### PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY

Respectfully submitted this December 10, 2012.

By: _____
Todd M. Friedman, Esq.
Law Offices of Todd M. Friedman, P.C.
Attorney for Plaintiff

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Todd M. Friedman, Esq. SBN 216752<br>Law Offices of Todd M. Friedman, P.C.<br>369 S. Doheny Dr. #415<br>Beverly Hills, CA 90211<br>TELEPHONE NO: 877-206-4741   FAX NO: 866-633-0228<br>ATTORNEY FOR (Name): Plaintiff, Bruce Friedman | **ENDORSED FILED ALAMEDA COUNTY**<br><br>DEC 13 2012<br><br>CLERK OF THE SUPERIOR COURT<br>CORINNA CARDEN<br>By _____ Deputy |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF Alameda<br>STREET ADDRESS: 24405 Amador Street<br>MAILING ADDRESS: Same<br>CITY AND ZIP CODE: Hayward, California 94544<br>BRANCH NAME: Hayward Hall of Justice | |
| CASE NAME:<br>Bruce Friedman v. Collecto Inc dba EOS CCA; et al. | |

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| ☐ Unlimited  ☑ Limited<br>(Amount demanded exceeds $25,000)  (Amount demanded is $25,000 or less) | ☐ Counter  ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402). | RG12660407<br>JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- ☐ Auto (22)
- ☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- ☐ Asbestos (04)
- ☐ Product liability (24)
- ☐ Medical malpractice (45)
- ☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- ☐ Business tort/unfair business practice (07)
- ☐ Civil rights (08)
- ☐ Defamation (13)
- ☐ Fraud (16)
- ☐ Intellectual property (19)
- ☐ Professional negligence (25)
- ☑ Other non-PI/PD/WD tort (35)

**Employment**
- ☐ Wrongful termination (36)
- ☐ Other employment (15)

**Contract**
- ☐ Breach of contract/warranty (06)
- ☐ Rule 3.740 collections (09)
- ☐ Other collections (09)
- ☐ Insurance coverage (18)
- ☐ Other contract (37)

**Real Property**
- ☐ Eminent domain/Inverse condemnation (14)
- ☐ Wrongful eviction (33)
- ☐ Other real property (26)

**Unlawful Detainer**
- ☐ Commercial (31)
- ☐ Residential (32)
- ☐ Drugs (38)

**Judicial Review**
- ☐ Asset forfeiture (05)
- ☐ Petition re: arbitration award (11)
- ☐ Writ of mandate (02)
- ☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- ☐ Antitrust/Trade regulation (03)
- ☐ Construction defect (10)
- ☐ Mass tort (40)
- ☐ Securities litigation (28)
- ☐ Environmental/Toxic tort (30)
- ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- ☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- ☐ RICO (27)
- ☐ Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
- ☐ Partnership and corporate governance (21)
- ☐ Other petition (not specified above) (43)

2. This case ☐ is  ☑ is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☑ monetary  b. ☑ nonmonetary; declaratory or injunctive relief  c. ☐ punitive
4. Number of causes of action (specify): 2; RFDCPA & FDCPA
5. This case ☐ is  ☑ is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: December 11, 2012

Todd M. Friedman, Esq.
_____
(TYPE OR PRINT NAME)                  (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)—Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) (if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/Wrongful Death
Product Liability (not asbestos or toxic/environmental) (24)
Medical Malpractice (45)
  Medical Malpractice—Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) (not civil harassment) (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice (not medical or legal)
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction)
  Contract/Warranty Breach—Seller Plaintiff (not fraud or negligence)
  Negligent Breach of Contract/Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case—Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage (not provisionally complex) (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property (not eminent domain, landlord/tenant, or foreclosure)

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ—Administrative Mandamus
  Writ—Mandamus on Limited Court Case Matter
  Writ—Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal—Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims (arising from provisionally complex case type listed above) (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment (non-domestic relations)
  Sister State Judgment
  Administrative Agency Award (not unpaid taxes)
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (not specified above) (42)
  Declaratory Relief Only
  Injunctive Relief Only (non-harassment)
  Mechanics Lien
  Other Commercial Complaint Case (non-tort/non-complex)
  Other Civil Complaint (non-tort/non-complex)

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition (not specified above) (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Page 2 of 2

Superior Court of California, County of Alameda



Notice of Assignment of Judge for All Purposes

Case Number: HG12660407
Case Title:    Friedman VS Collecto Inc.
Date of Filing: 12/13/2012

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Pursuant to Rule 3.734 of the California Rules of Court and Title 3 Chapter 2 of the Local Rules of the Superior Court of California, County of Alameda, this action is hereby assigned by the Presiding Judge for all purposes to:

| | |
|---|---|
| Judge: | Gail Brewster Bereola |
| Department: | 19 |
| Address: | Administration Building |
| | 1221 Oak Street |
| | Oakland CA 94612 |
| Phone Number: | (510) 267-6935 |
| Fax Number: | |
| Email Address: | Dept.19@alameda.courts.ca.gov |

Under direct calendaring, this case is assigned to a single judge for all purposes including trial.

Please note: In this case, any challenge pursuant to Code of Civil Procedure section 170.6 must be exercised within the time period provided by law. (See Code Civ. Proc. §§ 170.6, subd. (a)(2) and 1013.)

NOTICE OF NONAVAILABILITY OF COURT REPORTERS: Effective June 4, 2012, the court will not provide a court reporter for civil law and motion hearings, any other hearing or trial in civil departments, or any afternoon hearing in Department 201 (probate). Parties may arrange and pay for the attendance of a certified shorthand reporter. In limited jurisdiction cases, parties may request electronic recording.

Amended Local Rule 3.95 states: "Except as otherwise required by law, in general civil case and probate departments, the services of an official court reporter are not normally available. For civil trials, each party must serve and file a statement before the trial date indicating whether the party requests the presence of an official court reporter."

Counsel(s) are expected to be familiar with the Statement of Professionalism and Civility, Alameda County Bar Association (www.acbanet.org).

IT IS THE DUTY OF EACH PLAINTIFF AND CROSS COMPLAINANT TO SERVE A COPY

OF THIS NOTICE IN ACCORDANCE WITH LOCAL RULES.

General Procedures

Following assignment of a civil case to a specific department, all pleadings must be filed at the court facility where that department is located. The René C. Davidson Courthouse is the filing location for departments situated in the Alameda County Administration Building and the United States Post Office (see Local Rule, rule 1.9(f) effective as of 10/11/2011). All documents, with the exception of the original summons and the original civil complaint, shall have clearly typed on the face page of each document, under the case number, the following:

ASSIGNED FOR ALL PURPOSES TO
JUDGE Gail Brewster Bereola
DEPARTMENT 19

All parties are expected to know and comply with the Local Rules of this Court, which are available on the Court's website at:
http://www.alameda.courts.ca.gov/courts/rules/index.shtml and with the California Rules of Court, which are available at www.courtinfo.ca.gov.

Parties must meet and confer to discuss the effective use of mediation or other alternative dispute processes (ADR) prior to the Initial Case Management Conference. The court encourages parties to file a "Stipulation to Attend ADR and Delay Initial Case Management Conference for 90 Days". Plaintiff received that form in the ADR Information package at the time the complaint was filed. The court's Web site also contains this form and other ADR information. If the parties do not stipulate to attend ADR, the parties must be prepared to discuss referral to ADR at the Initial Case Management Conference.

Appearances by attorneys who are not counsel of record are not permitted except for good cause shown. All attorneys must be of record or file an Association of Counsel and have full authority to make decisions on a case. Please submit courtesy hard copies of all filed law and motion papers directly to Department 19. All references to "counsel" apply equally to self-represented parties who should know that there is a Self-Help Center at Rene C. Davidson Courthouse, 1225 Fallon Street, 2nd Floor, Oakland and in Hayward at the Alameda County Office Building, 224 W. Winton Avenue, Hayward.

Schedule for Department 19

The following scheduling information is subject to change at any time, without notice. Please contact the department at the phone number or email address noted above if you have questions.

- Trials generally are held: Monday through Thursday 10:00 a.m. to 4:15 p.m. Trial Readiness: Friday at 10:00 a.m.; Short Cause Trials: Fridays at 2:00 p.m. Compliance with Local Rule 3.35 and personal appearance required.

- Case Management Conferences are held: Monday, Wednesday & Friday at 9:00 a.m. Check the Register of Actions on Domain before the hearing to determine whether the court has published a Tentative Case Management Order.

- Law and Motion matters are heard: Tuesday and Thursday at 9:00 a.m. Post Trial motions heard Friday at 9:30 a.m. Email Dept. 19 for reservations before filing pleadings.

- Settlement Conferences are heard: As scheduled by the Judge

- Ex Parte matters are heard: Ex Parte Applications and supporting documentation are to be filed with the clerk's office. Give notice to the opposing counsel/party and provide a courtesy hard copy to the courtroom.

- Ex Parte cont'd: The moving party must also inform the opposing counsel/parties that any opposition to the application should be filed within 24hrs with a courtesy copy provided to Dept. 19. The court will thereafter rule on the documents submitted. If a hearing is required, the parties will be notified. Except as required by law, requests for default court judgments are generally decided on the papers filed. For prove-up and other uncontested hearings, email the courtroom clerk for reservations. You may inform of approaching deadlines; however, the court will set the first available date accommodating the court's calendar. Please note that a reservation is not a confirmed hearing date until pleadings are filed.

### Law and Motion Procedures

To obtain a hearing date for a Law and Motion or ex parte matter, parties must contact the department as follows:

- Motion Reservations
  Email:     Dept.19@alameda.courts.ca.gov

  Please Include (1) Name of Case; (2) Case Number; (3) Title of Motion; (4) Moving party. For Tentative Rulings please see Local Rule 3.30(c). To contest a ruling, notify Dept. 19 by email or telephone and give notice to the opposing counsel/party.

- Ex Parte Matters
  Email:     Dept.19@alameda.courts.ca.gov

  See above for information pertaining to Ex Parte Applications.

### Tentative Rulings

The court may issue tentative rulings in accordance with the Local Rules. Tentative rulings will become the Court's order unless contested in accordance with the Local Rules. Tentative rulings will be available at:

- Website: www.alameda.courts.ca.gov/domainweb, Calendar Information for Dept. 19
- Phone: 1-866-223-2244

Dated: 12/19/2012

_____

Presiding Judge,

Superior Court of California, County of Alameda

---

### CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct: I am the clerk of the above-named court and not a party to this cause. I served this Notice by placing copies in envelopes addressed as shown on the attached Notice of Initial Case Management Conference and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 12/20/2012

By *Debra Furtado*
                Deputy Clerk

## PROOF OF SERVICE

STATE OF CALIFORNIA )
) ss.
COUNTY OF LOS ANGELES )

I am employed in the County of Los Angeles, State of California.

I am over the age of eighteen years and not a party to the within action. My business address is 5959 W. Century Blvd., Suite 1214, Los Angeles, CA 90045.

On **February 13, 2013,** I served the foregoing document(s) described as: **NOTICE OF REMOVAL** on all interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

### SEE ATTACHED SERVICE LIST

[X] **BY MAIL**: I sealed such envelope(s) and placed it (them) for collection and mailing on this date following the ordinary business practices of Carlson & Messer LLP. I am "readily familiar" with the business practices of Carlson & Messer LLP for collection and processing of correspondence for mailing with the United States Postal Service. Such correspondence would be deposited with the United States Postal Service at Los Angeles, California this same day in the ordinary course of business with postage thereon fully prepaid.

[ ] **ELECTRONIC MAIL:** Based on Court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the said documents to be sent to the persons at the electronic mail addresses listed below (see attached service list). I did not receive within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

[ ] **PERSONAL SERVICE BY HAND:** I personally served such document to address stated on POS Service List.

[ ] **BY FACSIMILE-** I transmitted via telecopier machine such document to the offices of the addressees.

[ ] **(STATE)** - I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[X] **(FEDERAL)** - I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed this **13th** day of **February, 2013**, at Los Angeles, California.

Linda Brooks

PROOF OF SERVICE

<u>Bruce Friedman v. Collecto, Inc. dba EOS CCA</u>
File No.: 07384.00

Todd M. Friedman, Esq.　　　　　　　　　　　**Attorneys for Plaintiff:**
**LAW OFFICES OF TODD M. FRIEDMAN, P.C.**　**BRUCE FRIEDMAN**
369 S. Doheny Drive, Suite 415
Beverly Hills, California 90211
Tele: (877) 206-4741
Fax: (866) 633-0228
tfriedman@attorneysforconsumers.com

2
PROOF OF SERVICE